# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:23-CR-00010-GFVT-MAS-1 |
| ) | |
| KEVIN PADRIC O'BRIEN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On referral from Judge Gregory F. Van Tatenhove, the Court considers the alleged violations of supervised release conditions by Defendant Kevin Padric O'Brien ("O'Brien"). Considering the record and proffer, the Court RECOMMENDS that the District Court impose an additional condition to O'Brien's supervision that requires him to complete one hundred (100) hours of community service by the completion of his supervision on November 6, 2024.

### I.     BACKGROUND

On January 30, 2020, O'Brien pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) before Judge Thomas A. Varlan in the Eastern District of Tennessee. [DE 1-3 (E.D. Tn. Docket Sheet)]. Following a Sentencing Hearing on August 5, 2020, Judge Varlan sentenced O'Brien to forty-six (46) months' imprisonment followed by two (2) years of supervised release.

1

[DE 1-2, PageID# 6 (Judgment)]. The Judgment included, among others, the following standard conditions:

> **Standard Condition #3:** You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
>
> **Standard Condition #5:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

[DE 1-2, PageID# 7].

On August 31, 2023, United States Probation Officer J. Thomas Daniel ("Officer Daniel") submitted to the Court correspondence ("Violation Report") alleging violations of the above-referenced standard conditions of O'Brien's supervised release.

By way of background, Officer Daniel proffered that, following his serving a custodial sentence, O'Brien was released to the Eastern District of Kentucky (where his parents reside) to complete his term of supervised release. [Violation Report at 1]. O'Brien's supervision terminates on November 6, 2024. On July 7, 2023, Officer Daniel and O'Brien discussed a transfer request to the Southern District of Indiana, where his wife and children reside. [Violation Report at 1]. Officer Daniel formally submitted a request, which was denied on July 26, 2023. [Violation Report at 2].

Officer Daniel became aware of the conduct supporting the alleged violations on August 30, 2023. Officer Daniel reported that on August 30, 2023, he attempted to contact O'Brien via telephone. [Violation Report at 2]. When O'Brien did not

answer, Officer Daniel left a voicemail and tried to contact O'Brien at his approved residence in Lawrenceburg, Kentucky. O'Brien's father was present at the residence and advised Officer Daniel that O'Brien was working in Evansville, Indiana. [Violation Report at 2]. Furthermore, O'Brien's father indicated that while many of O'Brien's personal effects remained in the approved residence, O'Brien had not been to the residence for about one month.

O'Brien's apparent relocation to the Southern District of Indiana violates Standard Conditions #3 and #5 because he left the Eastern District of Kentucky without his probation officer's permission; did not have his Southern Indiana residence approved by his probation officer; and did not follow his probation officer's instructions as it relates to his relocation to Southern Indiana.

## II.   **PROCEDURAL HISTORY**

In response to the Violation Report, Judge Van Tatenhove issued a warrant for O'Brien's arrest. [DE 5]. Following his arrest, O'Brien came before the undersigned for an initial appearance on September 27, 2023 pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1. [DE 7]. The Court advised O'Brien of his constitutional rights, including his right to a preliminary hearing pursuant to Rule 32.1(b)(1)(A). [DE 7]. O'Brien stipulated to probable cause as to all three violations. Additionally, the United States did not move for detention. So, the Court released O'Brien pending the Final Hearing and imposed several conditions to ameliorate his risk of non-appearance, including home detention at his parents' home in Lawrenceburg, Kentucky, without location monitoring.

At the Final Hearing on October 4, 2023, the Court determined that O'Brien was competent to enter a knowing, voluntary, and intelligent stipulation to the charged violation. For Rule 32.1 proceeding purposes, Jurgensen admitted to the factual basis of the conduct described in the Violation Report. The Court found that the United States had established the reported violation as reflected in the Violation Report.

All of O'Brien's violations are Grace C violations under the United States Sentencing Guidelines ("Guidelines" or "USSG"). O'Brien's criminal history category, established at the time of his original Judgment, is Category III. The parties do not dispute that the applicable Guidelines imprisonment range is 5 to 11 months. USSG § 7B1.4(a). The statutory maximum term of imprisonment upon any revocation is not more than 24 months, and the authorized reimposition of a term of supervised release is not more than 36 months. 18 U.S.C. §§ 3583(e)(3), 3583(h).

At the Final Hearing, defense counsel argued that revocation would not be appropriate under the circumstances in light of O'Brien's violation conduct and his overall conduct while he was under supervision. Defense counsel proffered that O'Brien has been very successful in maintaining his sobriety since being released from BOP custody. O'Brien not only completed substance use treatment but has also transitioned off suboxone. Moreover, USPO recently performed a drug test that came back negative. Defense counsel also offered two exhibits as evidence of his conduct while on supervised release: a letter from his employer, Darby Dan Farm in Lexington, verifying that he works there full-time; and a letter from a neighbor,

4

Sophie Mattingly, attesting to his kindness and helpfulness as a neighbor. In sum, defense counsel advocated that the Court impose some condition of community service instead of revoking O'Brien's supervision.

The United States advocated generally that the Court should take some action that would impress upon O'Brien the importance of abiding by the terms of his supervision. The United States, however, did not support revocation. Rather, the United States agreed that a term of community service would be appropriate under these circumstances but deferred to the Court regarding revocation or extension of the term of supervised release.

### III. ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the Final Hearing, the record concerning O'Brien's violations, the Presentence Investigation Report ("PIR"), and the factors set forth in 18 U.S.C. § 3583(e). Particularly, the Court is mindful that the instant Grade C violations are O'Brien's first violations. And while there is no justification for violating the terms of release imposed in the Judgment, the Court does recognize that O'Brien traveled to Southern Indiana not to engage in any criminality but to be present for his wife and children. The Court also considers that while O'Brien has been released on bond pending the Final Hearing, he has complied with the terms of his release and supervision, and has been communicative with Officer Daniel. Thus, the Court aims to recommend a sentence that supports O'Brien's successful reentry into society and

continued sobriety, while also underscoring the importance of adhering to the conditions of his supervision.

Considering the incorporated § 3553(a) factors, revocation is not warranted to address O'Brien's violation conduct. Before his violations, O'Brien worked full-time and maintained his sobriety while supporting his family from the Eastern District of Kentucky. His original offense, being a felon in possession of a firearm, is not aggravating here. However, O'Brien's violations demand some remedial action "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. 3553(a)(2)(A).

The Guidelines contemplate that the Court may impose community service as a condition of supervised release. USSG § 5F1.3. The hours required to complete such service should not "impose heavy administrative burdens" concerning "the selection of suitable placements and the monitoring of attendance." USSG § 5F1.3, commentary (n.1). Thus, the Court does not recommend revocation or any extension of his supervision. Rather, the Court recommends that the Court add as a condition of O'Brien's supervision that he complete one hundred (100) hours of community service.

### IV.     RECOMMENDATION

For the reasons stated herein, and the Court being otherwise sufficiently advised, the Court **RECOMMENDS** that:

1. In addition to the conditions set forth in O'Brien's original Judgment, the District Court should impose a condition requiring O'Brien to complete

one-hundred (100) hours of community service before the termination of his supervision on November 6, 2024.

*Right to Object*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), FED. R. CIV. P. 72(b), FED. R. CRIM. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.

Entered this 10th of October, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY