UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 3:23-cr-00010-GFVT-MAS-1 |
| v. | ) ) ) | **ORDER** |
| KEVIN PADRIC O'BRIEN, | ) ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew Stinnett. [R. 10.] In 2020, the Eastern District of Tennessee sentenced Defendant Kevin Padric O'Brien to 46 months of imprisonment followed by two years of supervised release after he pled guilty to being aa felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id.* at 1. The Judgment included, among others, a standard condition restricting Mr. O'Brien's right to leave the district where he resides without the permission of the Court or his probation officer. *Id.* Another standard condition required Mr. O'Brien to live at a place approved by his probation officer, and to notify probation if Mr. O'Brien planned to change his residency location or anything else about his living arrangements. *Id.* The United States Probation Office charges Mr. O'Brien with violating these standard conditions of O'Brien's supervised release. *Id.* at 2. According to U.S. Probation, Mr. O'Brien had apparently, without permission, relocated to the Southern District of Indiana, where he was residing and working. *Id.* at 3.

Mr. O'Brien appeared before Judge Stinnett for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 7.] On October 4, 2023, Mr. O'Brien appeared before Judge Stinnett for his final hearing. [R. 8.] As Judge Ingram found, Ms. Jenkins "competently, knowingly, voluntarily, and intelligently" stipulated to the Grade C violation. [R. 7.]

After hearing the parties' arguments, Judge Stinnett issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. *Id*. Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 7; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed and no one has objected to the Report and Recommendation. Moreover, Mr. O'Brien waived his right to allocution. [R. 12.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 10]** is **ADOPTED** as and for the Opinion of the Court;

2. In addition to the conditions set forth in Mr. O'Brien's original Judgment, the District Court should impose a condition requiring O'Brien to complete one-hundred (100) hours of community service before the termination of his supervision on November 6, 2024; and,

3. Judgment shall enter promptly.

This the 30th day of October 2023.

Gregory F. Van Tatenhove
United States District Judge